Territorial Law Library

FILED
SUPERIOR COURT

2013 AUG -9 AM 9: 05

CLERK OF COURT
BY:

## IN THE SUPERIOR COURT OF GUAM

THE PEOPLE OF GUAM,

    vs.

EDLIN MANLULU CAPULONG,

    Defendant.

CRIMINAL CASE NO. CF0535-11

**DECISION AND ORDER
ON MOTION TO SUPPRESS**

## INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena III on June 3, 2013 on Defendant's Motion to Suppress. The People were represented by Assistant Attorney General James Collins. Defendant Edlin Capulong was represented by Attorney Ana Maria Gayle. After a hearing, the matter was taken under advisement. The Court now issues its Decision and Order.

## BACKGROUND

Defendant Capulong was arrested on or about September 26, 2011 while driving in Dededo. The record before this Court indicates that the arresting officer initially pulled the Defendant's vehicle over because of his failure to wear a seat belt. The officer did not issue Defendant a citation for the alleged seat belt violation.

The officer claims to have observed that Defendant's face and lips were pale, he was making a clicking sound with his mouth, his jaw was twitching, he was sweating, and could not stop fidgeting in the seat. The officer asked for permission to search the vehicle. The Defendant gave his consent and the officer eventually found methamphetamine.

On September 4, 2012, Defendant filed his Motion to Suppress, arguing there was no reasonable suspicion for the initial stop of his car, that the search of the car was done without his consent, and that any evidence obtained by the police, including subsequent statements by Defendant, should be suppressed. On September 25, 2012, the Government filed its Opposition to the motion. For the reasons set forth below, this Court shall deny the motion.

## DISCUSSION

### A. Reasonableness of the Traffic Stop.

The Fourth Amendment permits brief detentions when a police officer has a reasonable suspicion that an individual was engaged in or is about to be engaged in illegal conduct. People v. Johnson, 1997 Guam 9 ¶ 4 (quoting Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968)). The Terry stop doctrine has been extended to justify the investigatory stop of a motor vehicle. Johnson ¶ 4.

In order to determine whether an officer had reasonable suspicion sufficient to warrant a traffic stop, the court must look at the totality of the circumstances, taking into account the facts known to the officers from personal observation, and giving the anonymous tip the weight it deserved in light of its indicia of reliability as established through independent police work. Id. ¶ 6. Furthermore, the reasonable suspicion must exist at the time the stop was initiated. Id. (quoting U.S. v. Santamaria–Hernandez, 968 F.2d 980, 982 (9th Cir.1992).

At the motion hearing, testimony was received by the arresting officer. Defendant's counsel asked him how he could possibly know Defendant wasn't wearing his seat belt when he was driving behind the Defendant at night. The officer indicated that he looks for the shadow of the seat belt cast between the door frame and the driver's shoulder using the headlights of oncoming traffic. It was his testimony that there was no such shadow, which indicated to him that the driver was not using a seat belt. The Court finds this sufficient to create reasonable suspicion for a vehicle stop. The fact that no citation was issued for the seat belt violation is irrelevant for reasonable suspicion analysis.

## B. <u>Consent to Search</u>.

In his moving papers, Defendant argues that consent is invalid under the circumstances found here because it was not voluntarily given. Factors in determining voluntariness include: 1) whether the defendant was detained and the length of time of the questioning; 2) whether the defendant was threatened or intimidated by the police; 3) whether the defendant relied on misrepresentations or promises made by the police; 4) whether the person was in custody or under arrest when the consent was given; 5) whether the person was in a public or a secluded place; and 6) whether the defendant objected to the search. <u>People v. Santos</u>, 1999 Guam 1 at ¶ 36.

Here, the Court finds Defendant was not detained for Fourth Amendment purposes. <u>See</u> <u>People v. Chargualaf</u>, 2001 Guam 1 ¶¶ 19-24. Neither was he questioned for a long period of time. There is nothing in the record which would show Defendant was threatened or intimidated by police. There is nothing to show he relied on misrepresentations or promises made by police. When the Defendant gave his consent, he was not in custody or under arrest. The record shows Defendant was in a public place. The record shows Defendant did not object to the search.

At the hearing, the issue as to the Defendant's grasp of the English language arose. Counsel's line of questioning alluded to the Defendant's limited command of English as a factor in the involuntary nature of the consent in that he did not know to what he was consenting. A review of the hearing demonstrates to this Court that Defendant's command of the English language is more than sufficient to show his understanding of what the officer was asking when he asked to search the car. In summary, nothing in the record would indicate that the consent given to search the vehicle was anything but voluntary.

## C. <u>Suppression of Statements</u>.

Defendant wishes to suppress statements made to police as fruit of the poisonous tree. See Memorandum at 3. The Government points out that the only statements Defendant made to police were his denial of possession of contraband,

the consent to search, and the denial of knowledge that the drugs were in the vehicle. It is the Government's argument that these are not "fruit of the poisonous tree" and that custodial interrogation did not occur under a Miranda[1] analysis. This Court agrees. There being no illegality to the stop and subsequent search, there is no need to suppress evidence as fruit of the poisonous tree. The record shows that there was no custodial interrogation which would invoke Miranda. Thus, suppression of Defendant's statements is not warranted.

### CONCLUSION

For the reasons set forth above, Defendant's Motion to Suppress is hereby **DENIED**. A Trial Setting is scheduled for August 27, 2013 at 2:00 p.m.

It is **SO ORDERED** this 8th day of August, 2013.

AUG 0 8 2013

_____
HONORABLE ALBERTO C. LAMORENA, III
Presiding Judge, Superior Court of Guam

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam.

AUG 0 9 2013

Esther L.S. Pinaula
Deputy Clerk, Superior Court of Guam

[1] Miranda v. Arizona, 348 U.S. 436 (1966).

